In re Guardianship of Grace Jones.

Hazel Jones, Executrix, Appellee, v. Herman B. Carlson, Guardian, Appellant.

No. 42245.

December 12, 1933.

Lappen, Carlson & Clarke, for appellant.

Gerald O. Blake, for appellee.

Anderson, J.—Grace Jones is the widow of Irv Jones, deceased, and on the 13th day of February, 1932, she was adjudged incompetent and committed to the institution for insane at Clarinda, Iowa. And on the 7th day of May, 1932, Herman B. Carlson, the defendant-appellant herein was appointed permanent guardian of her estate. Her husband, Irv Jones, died testate on the 8th day of April, 1932. His will, which was later admitted to probate, devised his property equally to two daughters, Hazel Jones, Gladys Chivers, and his widow, Grace Jones. Later the widow through her guardian, and by order of court, filed an election not to take under the will. The will also appointed one of the daughters, Hazel Jones, executrix, and she qualified, and continues to act as such. The net appraised value of the estate of Irv Jones, deceased, was

$45,725.35. Just prior to the death of Irv Jones, a corporation had been formed to take over all of his property, consisting of real estate, personalty, and a dairy business in the city of Des Moines. He had by instruments of conveyance transferred all of his property to the said corporation in consideration of the corporation issuing to him 197 shares of its authorized 200 shares of capital stock. The instruments of conveyance were not joined in or executed by Grace Jones, the wife, because of her incompetency. Later the guardian of Grace Jones, Herman B. Carlson, the defendant and appellant herein, filed a petition for authority to sell and convey the interest of his ward, Grace Jones, in and to the estate of her deceased husband. This included, as detailed by the petition, certain real estate in the city of Des Moines, and 197 shares of the capital stock of the Jones Dairy Company of the par value of $100 each. The petition recited that "The Jones Dairy Company, or the heirs of Irv Jones, have offered to pay for the interest of the ward, Grace Jones, in the Jones Dairy Company, including her interest in and to all of the stock of the Jones Dairy Company, and the real estate (described), for one-third of $45,725.35, being $15,241.78." The petition asked that the guardian be authorized, for and on behalf of his ward, "to execute a conveyance to the Jones Dairy Company conveying the real estate and also to release any further claim in the Jones Dairy Company and her interest in the estate of Irv Jones, in so far as the same is made up of shares of stock held by Irv Jones in the Jones Dairy Company." The petition further asks that the guardian be authorized and directed to execute and deliver to the Jones Dairy Company a guardian's deed conveying the real estate described and "to convey to the Jones Dairy Company any and all right to the personalty heretofore conveyed by Irv Jones to the Jones Dairy Company, and to transfer and convey to Hazel Jones and Gladys Chivers, the heirs, devisees and legatees of Irv Jones, all right, title and interest that Grace Jones may have in and to the shares of stock held by Irv Jones in the Jones Dairy Company, all upon receipt of cash in the sum of $15,241.78."

Upon the foregoing petition an order was entered by one of the judges of the district court of Polk county, Iowa, finding that "the sale and transfer as prayed by the guardian should be granted and the interests of the ward will thereby be promoted by reason of the peculiar circumstances of this matter." The order and decree then proceeds that the guardian "be and is hereby authorized

and directed, upon receipt of $15,241.78 from the Jones Dairy Company to make, execute and deliver to the Jones Dairy Company an instrument conveying each and all the interests of Grace Jones in the real estate described, and shall further make, execute and deliver an instrument conveying to the Jones Dairy Company any and all right to the personalty heretofore conveyed by Irv Jones to the Jones Dairy Company and also to make, execute and deliver an instrument transferring and conveying to Hazel Jones and Gladys Chivers, the heirs, devisees and legatees of Irv Jones, all right, title and interest that Grace Jones may have in and to the shares of stock held by Irv Jones in the Jones Dairy Company."

In accordance with the foregoing order the property therein described was conveyed and transferred as therein directed. The guardian then made a report to the court reciting that he had received the sum of $15,241.78 in payment for the property. And the bill of sale, reciting the receipt by the guardian from Hazel Jones and Gladys Chivers of the sum of $15,241.78, and selling and transferring to them the interest of Grace Jones in the shares of stock of the Jones Dairy Company, and the guardian's deed, reciting the receipt of $15,241.78 from the Jones Dairy Company, and conveying the described real estate to the said Jones Dairy Company, were both presented to the court and by it approved on the 1st day of July, 1932.

In April, 1933, the claimant-appellee, Hazel Jones, executrix of the estate of Irv Jones, filed a claim in the estate of Grace Jones, incompetent, reciting the facts and incidents which we have detailed herein, and also stating that there were debts of the estate of Irv Jones, unpaid, including probate costs, fees of the executrix and her attorney, taxes, and some other small items amounting in the aggregate to $3,657.45, and the claimant asks that the guardian of Grace Jones be ordered to pay one-third thereof, or $1,217.81, as her proportionate share of such expenses. The claim further recites that there is no sufficient sum in the hands of the executrix to pay the said claims incurred in said estate.

A resistance was filed to the said claim by the said guardian, in effect, alleging that there was sufficient assets remaining in the estate of Irv Jones, deceased, to pay all claims against the estate, and denying the right of the claimant to recover from the guardian of Grace Jones any part of the unpaid costs incurred in the administration of the estate of Irv Jones, deceased.

The controversy was submitted to the court upon a stipulation as to the foregoing facts, and the court allowed the claim as made, and directed the guardian to pay the amount thereof to the claimant. From such order the guardian prosecutes this appeal.

We can see no basis for the allowance of this claim under the facts as disclosed. There was no distribution of the property of the estate of Irv Jones, either under the statute or the terms of the will. An offer for the purchase of the widow's interest therein for the sum of $15,241.78 was made and accepted. The record shows that the amount of the offer was paid to the guardian of Grace Jones, and the sale, conveyance, and transfer of all of her interest in the estate was completed and approved by the court. The claim here made is not by creditors of the estate of Irv Jones, but by the executrix. A creditor may follow and compel a refund of part of an estate which has been distributed, if it is found and determined that it is necessary to pay debts. But we find no authority to compel a contribution or refund from one who has sold an interest in an estate to the other heirs, as the situation disclosed in this record. There was no reservation or provision made as to the payment of any part of the debts or costs of administration in the sale and transfer of the interest of the widow in the estate. And the claimants here being the purchasers of such interest cannot be heard now to claim that any such contribution or refund was within the contemplation of the parties at the time of the sale and transfer of the widow's interest in the estate. It is our judgment that the district court erred in approving and allowing the claim, and such action is reversed.—Reversed.

ALBERT, C. J., and KINDIG, MITCHELL, KINTZINGER, and STEVENS, JJ., concur.